J-S52032-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DERRICK WILSON MCCRAY, | : | |
| | : | |
| Appellant | : | |
| | : | No. 2578 EDA 2015 |

Appeal from the Judgment of Sentence March 23, 2015,
in the Court of Common Pleas of Bucks County,
Criminal Division, at No(s): CP-09-CR-0003589-2014

BEFORE:    FORD ELLIOTT, P.J.E., STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 14, 2016**

Derrick Wilson McCray (Appellant) appeals from the judgment of sentence entered following his convictions for rape - threat of forcible compulsion, indecent assault - threat of forcible compulsion, criminal trespass, false imprisonment, simple assault, and possession of an instrument of crime.  We affirm.

The aforementioned charges stem from the rape and sexual assault of Appellant' ex-wife, Constance Linke, on March 18, 2014.  Ms. Linke testified that, on that date, Appellant entered her home through a basement window while she was getting ready for work and raped her at knifepoint.  Ms. Linke indicated that she was afraid of Appellant and told him that she did not want to have sexual relations with him.  At trial, Appellant maintained that the encounter was pre-arranged and consensual.  Appellant was convicted following a jury trial and, on March 23, 2015, he was sentenced to an

*Retired Senior Judge assigned to the Superior Court.

aggregate term of nine to 24 years' incarceration. Appellant's timely-filed post-sentence motions were denied on August 20, 2015. This appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issues for our review, which we have renumbered for ease of disposition.

1. Did the trial court err in failing to grant the defense request for a continuance to investigate and subpoena a witness, whose statement was provided by the Commonwealth on the day of trial?

2. Did the trial court err in allowing the Commonwealth to elicit background information from [Ms. Linke] regarding her job, work history, military history, and educational background that was not provided in discovery and unfairly buttressed her testimony?

3. Did the trial court err in allowing evidence that [Ms. Linke] paid Appellant's bills?

4. Did the trial court err in refusing to allow the defense to cross-examine [Ms. Linke] regarding her mental health status?

5. Were the guilty verdicts on counts of rape, indecent assault, criminal trespass, false imprisonment, and simple assault against the clear weight of the evidence that showed that [] Appellant was admitted into [Ms. Linke's] home, where they engaged in consensual sex and no force was employed or weapon used by [] Appellant?

6. Was the sentence of one to five years on the count of indecent assault running consecutively with the seven to fourteen year sentence imposed on rape, illegal and excessive, because the two counts merged for purposes of sentence and the sentence essentially punishes the same conduct twice?

- 2 -

7. Did the trial court abuse its discretion in imposing an aggregate sentence of nine to twenty-four years, which was excessive under the circumstances in light of [] Appellant's personal circumstances, his character, and the circumstances of the offense?

Appellant's Brief at 6-7 (unnecessary capitalization, parenthetical references, and trial court answers omitted).

In his first argument, Appellant claims the trial court erred in denying his request for a continuance to permit him to investigate, and if necessary, subpoena, Laura Norwood, an employee of the daycare center attended by the parties' minor child. Appellant's Brief at 18-20. Appellant contends that he was unaware of Norwood's existence until the Commonwealth provided his counsel with a copy of her statement (taken two days before trial) on the morning of trial. *Id.* According to her statement, Norwood, now residing in Arkansas, claimed that Ms. Linke was well-dressed and wearing her hair down when she came to the daycare to pick up the parties' child the day of the incident, which was so unusual that Norwood was compelled to ask if Ms. Linke had a job interview that day, to which Linke responded that Appellant had raped her at knifepoint that morning. *Id.* at 19. Appellant claims that this statement supported his defense that the encounter was planned and consensual, and that the court erred in denying his request for a postponement to investigate further. *Id.* at 19-20.

We review this claim mindful of our standard of review.

> The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. An abuse of discretion is not merely an error of judgment; rather discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record[.]

*Commonwealth v. Antidormi*, 84 A.3d 736, 745 (Pa. Super. 2014) (citations and quotation marks omitted).

The trial court determined that Appellant had had ample opportunity to discover the existence of and investigate Norwood as she was "discovered" while the Commonwealth was interviewing two other daycare workers defense counsel had subpoenaed for trial. N.T., 11/12/2014, at 10-14; Trial Court Opinion, 12/14/2015, at 16. Under such circumstances, Appellant's claim that he was unaware of Norwood's existence until she was interviewed by the Commonwealth is unavailing. We are unconvinced that he was prejudiced when Norwood was discoverable before trial through exercise of due diligence. Accordingly, we find no error in the trial court's refusal of Appellant's request for a postponement.

Appellant's next three issues concern the admission at trial of various items of evidence. We evaluate those claims mindful of the following standard of review.

> Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the trial court's decision absent a clear abuse of discretion. Abuse of discretion is not merely an error of

- 4 -

judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Young***, 989 A.2d 920, 924 (Pa. Super. 2010) (citations omitted).

The threshold inquiry with admission of evidence is whether the evidence is relevant. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact. In addition, evidence is only admissible where the probative value of the evidence outweighs its prejudicial impact. However, where the evidence is not relevant there is no need to determine whether the probative value of the evidence outweighs its prejudicial impact. Instead, once it is determined that the trial court erred in admitting the evidence, the inquiry becomes whether the appellate court is convinced beyond a reasonable doubt that such error was harmless. Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Robinson***, 721 A.2d 344, 350 (Pa. 1998) (citations and quotation marks omitted).

Appellant first complains that the trial court erred in permitting the Commonwealth to elicit background information from Ms. Linke, including her employment, military, and educational background. Appellant's Brief at 21-22. Appellant contends that this information was not provided in

- 5 -

discovery[1] and its admission served to bolster improperly Ms. Linke's testimony, resulting in prejudice. *Id.*

The trial court addressed this claim as follows.

> Appellant's [c]ounsel objected to all testimony [Ms. Linke] provided regarding where she worked, which she testified that she is "a special agent for the United States Office of Personnel Management, Federal Investigative Services." Appellant's [c]ounsel also objected to testimony regarding the length of time she worked there, and what she generally did as a living, which she testified to conducting "background investigations for positions of employment involving national security of the public's trust." Appellant's [c]ounsel also objected when she was questioned about where she traveled to as part of her job and whether she worked from home. After this last objection, the [c]ourt called both parties to sidebar to discuss the Appellant's objections. During a sidebar conversation, the [c]ourt stated that:
>
>> THE COURT: Obviously, you're entitled to lay some background, but at this point I'm starting to lose sight of the relevance of this. And I assume relevance is your objection?
>>
>> [APPELLANT'S COUNSEL]: Relevance, and I have no information about any of this. I have no idea where this is going. I don't know what she's going to say. This has not been provided to me in discovery, and I have no idea where this is going.
>>
>> I think she's trying to make, you know, her job buttress her testimony, and i think it's unfair. It has no relevance to this case whatsoever.

---

[1] In his brief, Appellant does not argue that the Commonwealth violated the rules of discovery with respect to this issue. It is worth noting that the parties were married prior to this incident and, arguably, any information about Ms. Linke's military or employment background was known to Appellant at the time of trial.

[ASSISTANT DISTRICT ATTORNEY (ADA)]: Defense counsel had indicated that a witness that - from the day care center that they're going to testify that she showed up like she had never before, dressed up like she never had been before. I think the implication was in her opening statement that the victim in this case dressed up to meet [Appellant].

The relevance of what she's going to say is that every - most days she stays at home and works in sweatpants and a sweatshirt and doesn't do anything other than work from home.

On the days that she doesn't work from home, she goes out and interviews people. And when she does that, she does get dressed up.

THE COURT: And I'm assuming --

[ADA]: And on this day she was scheduled to conduct five interviews, and that's why she appeared differently than she had any -

THE COURT: All right. That's appropriate. Let's get to that point, though.

The Commonwealth then questioned the witness as to her education and whether she was in the armed forces in order to explain how she received her current job. Finally, after being questioned whether she went overseas while being in the Navy, Appellant's [c]ounsel objected. The [c]ourt overruled the objection because "credibility of a witness is always an issue," but only allowed some testimony. The Supreme Court of Pennsylvania has held that "it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. The fact finder is free to believe all, part or none of the evidence." The [c]ourt did not abuse its discretion in allowing [Ms. Linke] to testify about background information and the jury had the ability to determine the credibility of [Ms. Linke's] testimony throughout the direct and cross-examinations.

Trial Court Opinion, 12/14/2015, at 17-18 (citations to notes of testimony omitted).

It is well-settled that, "in a rape case, Pennsylvania law has long stated that the credibility of the complaining witness is always at issue." *Commonwealth v. Bryson*, 860 A.2d 1101, 1104 (Pa. Super. 2004). Accordingly, evidence of Ms. Linke's credibility was relevant to the proceeding. We note that the defense herein was one of consent and relied heavily on Ms. Linke's appearance the day of the incident, which was directly tied to her employment and personal history. Given this defense, and the relevance of Ms. Linke's credibility, the probative value of the complained of background information outweighed any prejudice to Appellant. Thus, we find no error in the trial court's admission of Ms. Linke's background testimony to establish her credibility and rebut Appellant's defense.

Appellant also claims that the court erred in admitting evidence that Ms. Linke paid Appellant's bills. Appellant's Brief at 23-24. Specifically, Appellant contends that this information was not relevant and served to prejudice him. *Id.* This argument is belied by the record. As the trial court explained,

> the testimony was introduced for an explanation as to why [Ms. Linke] and [] Appellant were communicating and planned to meet on February 14, 2014. Appellant contacted [Ms. Linke], asking her to help him pay his phone bill so it would not get shut off. [Ms. Linke] testified she agreed to help because

> she knew he was looking for jobs and could receive calls for interviews, and ultimately this would help support their daughter. [Ms. Linke] then testified to helping [] Appellant financially after she moved out by paying the rent for their apartment, the utility bills, and food if the Appellant needed help. Later, Appellant had the opportunity to provide an explanation for why he contacted [Ms. Linke] for financial assistance. Appellant testified that he found out that the money in his bank account was no longer there and [Ms. Linke] helped [] Appellant rent cars and pay his cellphone bill. Therefore,[] Appellant had the opportunity to present an explanation of [Ms. Linke's] testimony regarding financially supporting the Appellant and the jury was able to weigh the credibility of [Ms. Linke] and the Appellant.

Trial Court Opinion, 12/14/2015, at 18-19 (citations to notes of testimony omitted).

As the trial court explained, Ms. Linke's testimony was admitted not to establish Appellant's indigence, but to explain why she had planned to see Appellant on the day of the incident. Because such testimony is relevant to Ms. Linke's credibility, and to Appellant's defense that the parties were in contact despite their separation and that the encounter was consensual, we determine that the trial court did not err in admitting the testimony of which Appellant now complains.

Appellant also argues that the trial court erred in refusing to allow Ms. Linke to be cross-examined as to her mental health status. Appellant's Brief at 25-26.

- 9 -

During trial, Appellant's [c]ounsel attempted to question Karen Dougherty, a registered nurse in the emergency department and director of the forensic nursing program at Abington Memorial Hospital, about [Ms. Linke's] mental health and past medical history taken as part of the victim's [sexual abuse] exam. The Commonwealth objected and Appellant's [c]ounsel explained that the "Commonwealth put on evidence that that was part of what the examination entailed. I'm just asking what the result of that was." At sidebar, the [c]ourt ruled that:

THE COURT: First of all, there is a big difference between saying: Do you take a past medical history, and, what is that. A victim of a sexual assault does not leave any right to what their past medical history is. I don't know what you're trying to elicit here. What's in the report that you wish to get out of there?

[APPELLANT'S COUNSEL]: It indicates a past medical history of post-traumatic stress disorder, anxiety and depression, and they take Depakote.

THE COURT: How is that relevant today in this matter?

[APPELLANT'S COUNSEL]: Well, it indicates that [Ms. Linke] has a psychiatric history.

THE COURT: How is that relevant in this matter? Do you have some testimony that you are going to elicit to show that at time time of this proceeding, that she was psychotic, or on this medication, that the medication would in some way affect her ability to understand or recall the events?

[APPELLANT'S COUNSEL]: We're not putting on testimony, Judge, but I do think I'm allowed to ask that question [of Nurse Dougherty].

THE COURT: You wish to blacken a reputation? Is that what you are attempting to do?

[APPELLANT'S COUNSEL]: No. It's part of her medical history.

THE COURT: The objection is sustained. It's irrelevant.

(Sidebar concluded).

Trial Court Opinion, 12/14/2015, at 19-20 (citations to notes of testimony omitted).

"When reviewing a challenge to the scope of cross-examination, we employ the following standard: The scope and the manner of cross-examination are within the sound discretion of the trial court and will not be overturned unless the court has abused that discretion." **Commonwealth v. Nunn**, 947 A.2d 756, 761 (Pa. Super. 2008) (citation omitted). Further,

when determining the admissibility of evidence of a witness' mental instability,

> [t]he crucial determination that a trial judge must make ... is whether [this evidence] is related to the subject of the litigation or whether it affects the testimonial ability of the witness so as to impeach him. The evidence can be said to affect the credibility of a witness when it shows that his mental disorganization in some way impaired his capacity to observe the event at the time of its occurrence, to communicate his observations accurately and truthfully at trial, or to maintain a clear recollection in the meantime.

**Commonwealth v. Gonzalez**, 109 A.3d 711, 726 (Pa. Super. 2015) (citation omitted).

Applying **Gonzalez**, we find no error in the trial court's limitation of Appellant's cross-examination where Appellant offered nothing to suggest that evidence of Ms. Linke's mental health history was relevant in any way to the incident in question or her testimonial capacity regarding the incident.

Moreover, Appellant has failed to establish that the court "erred in not allowing the defense to inquire of [Ms. Linke] whether her multiple mental health diagnoses impacted her ability to recall the events." Appellant's Brief at 26. The record reflects that Ms. Linke testified second, after a responding officer and immediately before the attending nurse performing the assault examination. N.T., 11/12/2014. The notes of testimony make clear that Appellant did not attempt to cross-examine Ms. Linke regarding her mental health history, but instead chose to question the attending nurse regarding what Ms. Linke reported during her sexual assault examination. **Id.** at 126-169. Accordingly, this claim fails.

Appellant next argues that his verdicts are against the weight of the evidence presented at trial. Appellant's Brief at 14-17.

> The law pertaining to weight of the evidence claims is well-settled. The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Gonzalez*, 109 A.3d at 723 (quotation marks and citations omitted).

Here, Appellant's limited argument on this point assails alleged inconsistencies in Ms. Linke's testimony and suggests that the jury erred in disbelieving his version of events. Appellant's Brief at 14-17. Our case law is clear that a jury sitting as finder of fact is "in the best position to view the demeanor of the Commonwealth's witnesses and to assess each witness'[s] credibility." *Commonwealth v. Olsen*, 82 A.3d 1041, 1049 (Pa. Super. 2013) (citation omitted). Here, the Commonwealth presented the testimony of the responding officers and detectives, Ms. Linke, and the attending nurse, as well as that of Appellant's girlfriend and her grandfather. Appellant testified on his own behalf and presented the testimony of a daycare worker who observed Ms. Linke on the day of the incident. The jury was free to find the Commonwealth's witnesses' testimony credible and resolve any inconsistencies in the Commonwealth's favor. *See generally Commonwealth v. Horne*, 89 A.3d 277, 286 (Pa. Super. 2014) (holding that Horne's weight of the evidence claim could not prevail as "the jury resolved the inconsistencies among the testimonies as it saw fit and reached

a verdict."); ***Commonwealth v. Simmons***, 662 A.2d 621, 630 (Pa. 1995) ("After examining the evidence in this case, we find that appellant's assertion that the inconsistencies in the witnesses' testimony rendered them incredible to have no merit since the inaccuracies claimed are only minor and a witness's credibility is solely for the [fact-finder] to determine."). We discern no abuse of discretion in the trial court's finding that the jury's verdict was not against the weight of the evidence. Accordingly, Appellant's weight claim does not warrant relief.

Appellant next argues that his sentence is illegal because the crimes of indecent assault and rape should have merged for the purposes of sentencing. Appellant's Brief at 27-28. Our standard of review is *de novo* and the scope of our review is plenary. ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009) (citation omitted).

It is well-settled that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." 42 Pa.C.S. § 9765. Thus, merger is "prohibited unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the

other." ***Baldwin***, 985 A.2d at 833.

This Court has determined that "when an indecent assault conviction is predicated upon an act separate from the act of forcible intercourse, the indecent assault conviction does not merge with a conviction for rape. This is true whether the act which constitutes indecent assault is committed immediately prior to, or concurrently with the rape." ***Commonwealth v. Richter***, 676 A.2d 1232, 1236 (Pa. Super. 1996). Applying this precedent, the trial court explained,

> A person commits rape, "when the person engages in sexual intercourse with complainant: (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution." 18 Pa.C.S.[] §3121(A)(2). A person is guilty of indecent assault "if the person has indecent contact with the complainant, causes complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and: (2) the person does so by forcible compulsion." 18 Pa.C.S.[] §3126(a)(2). Here, [Appellant's] two acts are two distinct crimes which do not merge. [] Appellant, while holding a knife, forced the victim into her bedroom, made her undress and demanded she turn around and bend over. [] Appellant then inserted his penis into her vagina for a few minutes. Therefore, the jury found the Appellant guilty of rape by forcible compulsion. Next, [] Appellant while still holding the knife, made the victim turn around and get on her knees. [] Appellant then ejaculated onto her face. Therefore, the criminal acts were committed successively and were not necessarily an ingredient of the other, so the sentence[es] of the two convictions do not merge.

Trial Court Opinion, 12/14/2015, at 13.

We agree with the court's reasoned analysis and, thus, find no error in the trial court's imposition of a separate sentence for indecent assault and rape under these facts. Accordingly, we hold that Appellant is not entitled to relief on this issue.

Finally, Appellant presents a challenge to the discretionary aspects of his sentence, arguing that the imposition of consecutive, rather than concurrent sentences was an abuse of the court's discretion. Appellant's Brief at 29-30. We address this claim mindful of the following:

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.
>
> > Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code…. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Disalvo***, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant sought reconsideration of his sentence in a post-sentence motion and he timely filed a notice of appeal. Additionally, he has included a Rule 2119(f) statement in his brief to this Court. Nonetheless, the

Commonwealth asks that we find this issue waived on the basis that Appellant's post-sentence motion and 1925(b) statement claim that the sentence is excessive "in light of [Appellant's] personal circumstances, his character and the circumstances of the offense" and fail to raise an issue regarding the consecutive nature of the sentence. Commonwealth's Brief at 46. Thus, the Commonwealth argues that the particular claim Appellant seeks to raise on appeal is waived for failure to raise it in the court below. *Id.*; Pa.R.A.P. 302(a). We are constrained to agree.

> [F]or any claim that was required to be preserved, [an appellate court] cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008). Because the legal theory advanced before this Court differs from that raised before the trial court in Appellant's post-sentence motion and his 1925(b) statement, Appellant has waived this claim.

Judgment of sentence affirmed. Jurisdiction relinquished.

- 17 -

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/14/2016