**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Paul BRYSON, Appellant.**

Superior Court of Pennsylvania.

Argued May 25, 2004.

Filed Oct. 20, 2004.

Sheryl M. Wilson, West Chester, for appellant.

Peter Hobart, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before: HUDOCK, JOYCE, MUSMANNO, KLEIN, BENDER, BOWES, GANTMAN, McCAFFERY, and PANELLA, JJ.

OPINION BY JOYCE, J.:

¶ 1 Appellant, Paul Bryson, appeals from the judgment of sentence entered January 22, 2003 in the Chester County Court of Common Pleas. Upon review, we affirm. The relevant facts and procedural history of this matter are as follows.

¶ 2 On Saturday, January 12, 2002, Appellant approached the victim, seventeen year old A.M., a mentally disabled girl, and asked her to assist him in looking for his stepson, who was a friend of A.M.'s.[1] He then drove her to a wooded area where he raped her vaginally, anally, placed his mouth on her genitals, placed her mouth on his genitals, and touched her breasts. Appellant then drove A.M. to his sister's house where she fell asleep. A.M.'s father picked her up the following morning, Sunday, January 13, 2002. The next day in the school cafeteria, A.M. told her friend

---

1. The victim's full name appears in the certified record; however, we will refer to her by the initials, A.M., for purposes of our discussion. *See Matter of C.A.E.*, 516 Pa. 419, 420 n. 1, 532 A.2d 802, 803 n. 1 (1987) (changing child's full name to initials in proceeding involving juvenile).

A.W.[2] that Appellant had raped her. She did not tell her father because she was frightened that he would hurt Appellant, and had not informed anyone else because her mother was ill, and she did not want to upset her.

¶ 3 However, after A.M. made the disclosure to A.W., the police were subsequently notified, and on March 4, 2002, Appellant was arrested and charged with two counts of rape, two counts of involuntary deviate sexual intercourse (IDSI), and one count each of kidnapping, sexual assault, indecent assault, indecent exposure, false imprisonment, unlawful restraint, unlawful contact with minors, corruption of minors, and luring a child into a vehicle.[3] Following a preliminary hearing on March 8, 2002, Appellant was held for trial on all charges.[4]

¶ 4 A jury trial began on December 9, 2002, and the Commonwealth called A.W. as a witness. A.W. testified that A.M. told her about the rape on the Monday following the incident. Appellant objected, asserting that this was hearsay; however, the trial court allowed A.W. to testify as to what A.M. told her ruling that it was evidence of a "prompt complaint." A.W.'s testimony was permitted to remain in evidence.

¶ 5 At the conclusion of the trial, the jury found that Appellant was guilty of two counts of rape, two counts of IDSI, and one count each of indecent assault, sexual assault, corruption of minors, kidnapping, false imprisonment, and luring a child into a vehicle. Appellant was sentenced to 25 to 50 years' imprisonment for each count of rape, which were ordered to be served concurrent to one another, a term of 10 to 20 years' imprisonment for each count of IDSI concurrent to each other but consecutive to the sentences for the rape convictions, 10 to 20 years' imprisonment for kidnapping consecutive to IDSI, and 2½ to 5 years' imprisonment for child luring, consecutive to the kidnapping sentence. The balance of the convictions merged for sentencing purposes.

■ ¶ 6 Appellant timely appealed and raises one question:

> [w]hether the trial court erred and abused its discretion in ruling that [A.M.'s] out-of-court statement to [A.W.] was admissible as evidence of a prompt complaint when there was no evidence that [A.M.] promptly complained of the assault and there is no evidence that [A.M.] spoke to [A.W.] about the assault?

Brief for Appellant, at 6. We will begin by setting forth our standard of review.

■ ¶ 7 The admissibility of evidence is within the sound discretion of the trial court, and we will not disturb the evidentiary rulings of the trial court absent an abuse of that discretion. *Commonwealth v. Fink*, 791 A.2d 1235 (Pa.Super.2002). With this standard in mind, we will address the merits of Appellant's issue on appeal.

■ ¶ 8 Generally, hearsay is inadmissible at trial unless it falls into one of the exceptions to the hearsay rule. *Commonwealth v. O'Drain*, 829 A.2d 316 (Pa.Super.2003). We find the explanation of "prompt complaint" testimony given by

---

**2.** The witness' full name appears in the certified record; however, we will refer to her by the initials, A.W., for purposes of our discussion. *See Matter of C.A.E., supra.*

**3.** 18 Pa.C.S.A §§ 3121(1) and (5), 3123(a)(1) and (5), 2901(a), 3124.1, 3126(a)(1), 3127,

2903, 2902, 6318(a)(1), 6301(a)(1), and 2910 respectively.

**4.** Prior to jury selection, the Commonwealth withdrew the charges of unlawful contact with minors, unlawful restraint, and indecent exposure.

our esteemed colleague, the Honorable Kate Ford Elliott, in *Commonwealth v. O'Drain*, 829 A.2d 316 (Pa.Super.2003), to be instructive in this case.[5] As will be discussed below, pursuant to the rationale posited in *O'Drain*, A.W.'s hearsay testimony in this case was admissible pursuant to Pennsylvania caselaw and Pennsylvania Rule of Evidence 613(c), commonly known as the prompt complaint exception to the hearsay rule. Pennsylvania Rule of Evidence 613(c)(1) allows evidence of prior consistent statements to rebut an express or implied charge of "fabrication, bias, improper influence or motive, or faulty memory." *O'Drain, supra.* In cases involving sexual assault, Rule 613 authorizes the Commonwealth to present evidence in its case-in-chief of a prompt complaint by the victim "because [the] alleged victim's testimony is automatically vulnerable to attack by the defendant as recent fabrication in the absence of evidence of hue and cry on her part." *O'Drain, supra,* quoting Pa. R.Evid. 613(c) (comment), citing *Commonwealth v. Freeman*, 295 Pa.Super. 467, 441 A.2d 1327, 1331 (1982). "Evidence of a complaint of a sexual assault is 'competent evidence, properly admitted when limited to establish that a complaint was made and also to identify the occurrence complained of with the offense charged.' " *O'Drain, supra,* at 322, quoting *Commonwealth v. Stohr*, 361 Pa.Super. 293, 522 A.2d 589, 592–593 (1987) *(en banc)*, quoting *Commonwealth v. Freeman*, 441 A.2d at 1331.

¶ 9 In the instant case, the prompt complaint evidence was admitted before the victim testified. *See* N.T. Trial, 12/9/2002, at 83. Therefore, this case does not fit squarely into the exception noted in *O'Drain* where it was utilized to rehabilitate a witness after an attack on her credibility, or an allegation of recent fabrication. However, in a rape case, Pennsylvania law has long stated that the credibility of the complaining witness is always at issue. *See Freeman, supra.* Here, due to A.W. testifying out of order, meaning before A.M. testified, A.W.'s testimony was not a prior consistent statement used for rehabilitation. Nevertheless, in light of prior case law stating that the credibility of the victim is always at issue, any error arising out of A.W. testifying out-of-order and as to the prompt complaint was harmless and we discern no abuse of discretion in permitting the testimony to remain in evidence as a prompt complaint pursuant to Pa.R.Evid. 613.

¶ 10 We must however, address Appellant's issue relative to the assertion that A.M.'s complaint was not in fact "prompt." Here, the evidence showed that A.M. told A.W. about Appellant's conduct approximately 30 hours after the rape occurred. Appellant argues that this was not the first safe opportunity for A.M. to make this statement. Brief for Appellant, at 12.

¶ 11 The rationale behind prompt complaint is that a rape victim would complain at the first opportunity where she felt safe. *Commonwealth v. Snoke*, 525 Pa. 295, 300, 580 A.2d 295, 297 (1990). This is inherently a subjective standard, and as stated above, the admissibility of evidence is within the sound discretion of the trial court. Here, the victim was mentally disabled, having an IQ of 59, she was sexually assaulted, and she was taken to Appellant's sister's house; however, she did not tell anyone at Appellant's sister's house about the incident. She was then

**5.** We note that the prompt complaint analysis was an alternative basis posited by the panel in *O'Drain*. While not binding on this *en banc* panel, we find the discussion to be a correct statement of the law and particularly instructive in our analysis of the case at bar.

picked up by her father and brother the next morning but did not tell them either. She made no complaint until she was at school the following day.

¶ 12 We find that the determination of whether or not a complaint was prompt is entirely dependent on the facts of the individual case. In *Commonwealth v. Stohr, supra,* this Court determined that statements made by a four and one-half-year old regarding an indecent assault 24 hours after it happened was permissible as a prompt complaint. Here, we have a mentally disabled young woman who made her complaint to a friend 30 hours after the attack. The trial court found this was a prompt complaint, and we find under the facts of this case that there was no abuse of discretion in this determination.

¶ 13 Appellant also argues that there was no evidence that A.M. told A.W. about the assault. This assertion is belied by the record. A.W. testified that A.M. informed her of the attack on Monday January 14, 2002. N.T. Trial, 12/09/2002, at 84. While it is true that A.M. testified that she was not in school on the day A.W. testified A.M. told her (*see* N.T. Trial, 12/10/2002, at 154), we note that this is an issue of credibility to be resolved by the factfinder. Again, A.M.'s IQ is 59, and any discrepancies in the timeline to which she testified go to the weight of the testimonial evidence and the credibility the jury chose to afford it. The finder of fact is free to believe some, all, or none of the evidence presented. *Commonwealth v. Passarelli,* 789 A.2d 708 (Pa.Super.2001). Here, the jury was free to believe that A.M. told A.W. about the rape on Monday, January 14, 2002. Accordingly, Appellant's assertion that there was no evidence that A.M. told A.W. about the rape is without merit.

¶ 14 For the reasons stated above, we find that Appellant is entitled to no relief.

Accordingly, we affirm the judgment of sentence.

¶ 15 Judgment of sentence affirmed.