J. A32001/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
WILLIE HART, :
:
Appellant : No. 381 EDA 2016

Appeal from the Judgment of Sentence January 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0013669-2013

BEFORE: DUBOW, RANSOM, AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.: **FILED JANUARY 24, 2017**

Appellant, Willie Hart, appeals from the Judgment of Sentence entered

by the Philadelphia County Court of Common Pleas following his convictions

after a bench trial of Rape by Forcible Compulsion, Sexual Assault, Incest,

Indecent Assault, Indecent Exposure, and Simple Assault.[1] After careful

review, we affirm Appellant's convictions, vacate Appellant's Judgment of

Sentence, and remand for resentencing.

The trial court stated the relevant facts in its Pa.R.A.P. 1925(a)

Opinion as follows:

> In March of 2013, [M.M.] left her husband after being physically
> abused by him for many years. With little money and no place

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(a)(1); 18 Pa.C.S. § 3124.1; 18 Pa.C.S. § 4302; 18
Pa.C.S. § 3126; 18 Pa.C.S. § 3127; and 18 Pa.C.S. § 2701, respectively.

to live, she turned to her father, [Appellant,] for support. She accepted his offer to live with him until she got back on her feet. Shortly after she moved in, [Appellant] started to go into her room as she slept. He would crawl into her bed, get on top of her, and then vaginally rape her. This occurred on multiple occasions. The last sexual assault occurred on October 9, 2013. During the months she resided with [] Appellant, [M.M.] tried to stay out of the house as much as possible. When she was in the home, she attempted to barricade herself in her bedroom by blocking her door so the Appellant could not get in.

On October 11, 2013[,] Appellant became embroiled in a verbal altercation with the victim over her boyfriend. Appellant threatened to kill her, grabbed her by her hair[,] and slammed her head into the wall. When she tried to escape [] Appellant by fleeing into her bedroom, he followed her, grabbed her legs[,] and pulled her off the bed. He punched her in the head and face multiple times. When the police arrested [Appellant,] the victim said to the police "Please don't let him hurt me anymore. Please protect me." She also disclosed to them that [] Appellant had been raping her for months.

* * *

On October 11, 2013[,] Appellant was arrested and charged with Rape, Sexual Assault, Incest[,] and related offenses. On May 19, 2015, following a bifurcated waiver trial before this Court, Appellant was found guilty of Rape, Sexual Assault, Incest, Indecent Assault, Indecent Exposure[,] and Simple Assault. The matter was continued for a Megan's Law assessment. On January 8, 2016[,] Appellant was determined to be a Sexually Violent Predator and given his registration and reporting protocols. That same day he was sentenced to thirty (30) to sixty (60) years['] imprisonment. On January 20, 2016[,] Appellant filed a timely Notice of Appeal to the Superior Court of Pennsylvania and pursuant to Pa.R.A.P. 1925(b) Appellant was instructed to file a Statement of Errors Complained of on Appeal. Appellant requested additional time to respond to the 1925(b) order due to the unavailability of transcripts. That request was granted. Appellant filed his 1925(b) Statement of Matters Complained of on Appeal on March 16, 2016.

On March 14, 2016, following an initial review of the file, this Court discovered that the sentence imposed was in error and

wrote to the Superior Court requesting that the matter be remanded to correct the sentencing error. The Commonwealth responded on March 21, 2016[,] with a letter stating they were not opposed to the remand. Appellant filed an Application for Remand on March 27, 2016. That request was denied on May 3, 2016.

Trial Court Opinion, 5/25/16, at 1-3.

Appellant presents six issues for our review:

[1.] Where there was no evidence of forcible compulsion, was the evidence sufficient to find [Appellant] guilty beyond a reasonable doubt of Rape by Forcible Compulsion?

[2.] Where the complaining witness, age 40 and competent, testified incoherently, *inter alia*, that "I don't like black people" and was incapable of testifying about when any alleged sexual assault occurred or detailing any sexual assault, are guilty verdicts on all charges against the weight of the evidence, particularly where verdicts were rendered nine months after the facts finder's [*sic*] last opportunity to assess credibility?

[3.] Where Commonwealth witness John Fisher provided hearsay testimony under the "prompt complaint" exception, and there was no evidence whatsoever as to when the competent adult complainant informed this witness of the alleged sexual assault(s), did the [t]rial [c]ourt err in allowing this "prompt complaint" testimony over [Appellant's] objections?

[4.] Where [Appellant] was promised by the Commonwealth and the [t]rial [c]ourt that "No mandatories would be involved," during his jury waiver colloquy, was his waiver of his right to a jury trial knowing, intentional[,] and voluntary?

[5.] Where the Commonwealth expressly and repeatedly advised it would not be seeking mandatory sentences, was [Appellant's] sentence of 25-50 years on the charge of Rape under 42 Pa.S.C.[] § 9718.2(a)(1) improper?

[6.] Did the [t]rial [c]ourt abuse the discretionary aspect of sentencing by imposing an aggregate sentence of 30-60 years['] incarceration while failing to consider [Appellant's] age, mental state[,] and other sentencing factors on the record?

Appellant's Brief at 6-7.

In his first issue, Appellant avers that, even "accepting all of the Commonwealth's evidence as true, there was no evidence presented of the forcible compulsion necessary for a rape conviction." Appellant's Brief at 25.

We review challenges to the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Melvin***, 103 A.3d 1, 39 (Pa. Super. 2014). The trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. ***Id***. at 40. Moreover, the trier of fact may base a conviction solely on circumstantial evidence. ***Id***. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for that of the fact-finder. ***Id***. at 39-40.

Section 3121(a)(1) of the Crimes Code defines Rape by Forcible Compulsion as follows:

> **(a) Offense defined.--**A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:
>
> (1) By forcible compulsion.

18 Pa.C.S. § 3121(a)(1).

The Crimes Code defines "forcible compulsion" in relevant part as "[c]ompulsion by use of physical, intellectual, moral, emotional[,] or psychological force, either express or implied."  18 Pa.C.S. § 3101.

> It is well-established that in order to prove the "forcible compulsion" component, the Commonwealth must establish, beyond a reasonable doubt, that [Appellant] used either physical force, a threat of physical force, or psychological coercion, since the mere showing of a lack of consent does not support a conviction for rape by forcible compulsion.  In [**Commonwealth v. Rhodes**, 510 A.2d. 1217 (Pa. 1986)], our Supreme Court stated that forcible compulsion includes "not only physical force or violence, but also moral, psychological[,] or intellectual force used to compel a person to engage in sexual intercourse against that person's will."  **Rhodes**, [510 A.2d at 1226].  Further, the degree of force required to constitute rape is relative and depends on the facts and particular circumstances of a given case.

**Commonwealth v. Eckrote**, 12 A.3d 383, 387 (Pa. Super. 2010) (some citations omitted).

Thus, the element of "forcible compulsion" denotes a perpetrator's use of superior force, physical or non-physical, to compel a person to engage in sexual intercourse against that person's will.  **Rhodes**, **supra** at 1226. Stated another way, one can commit Rape by the application of superior psychological or emotional force, whether express or implied, in the complete absence of physical violence.  **Commonwealth v. Gonzalez**, 109 A.3d 711, 720 (Pa. Super. 2015).  It is not necessary to prove that a perpetrator physically overpowered the complainant.  **Id**. at 721; **see also** 18 Pa.C.S. § 3107 (Resistance to physical force is not necessary to show forcible compulsion.).

Moreover, this Court has held:

> that the degree of force involved in rape is defined, not in terms of the physical injury to the victim, but in terms of the effect it has on the victim's volition. Accordingly, the force necessary to support convictions for rape need only be such as to establish lack of consent and to induce the [victim] to submit without additional resistance. . . .

*Commonwealth v. Ables*, 590 A.2d 334, 337 (Pa. Super. 1991) (citations and quotations omitted).

To determine whether Appellant's use of physical or psychological coercion is sufficient to have been compulsive, we examine the totality of the circumstances, including such factors as:

> the respective ages of the victim and the accused, the respective mental and physical conditions of the victim and the accused, the atmosphere and physical setting in which the incident was alleged to have taken place, the extent to which the accused may have been in a position of authority, domination[,] or custodial control over the victim, and whether the victim was under duress.

*Gonzalez*, *supra* at 721 (quotation and emphasis omitted).

A complainant's testimony as to her state of duress and apprehension, as well as the defendant's treatment of her, can be sufficient to sustain the verdict. *See Commonwealth v. Rough*, 418 A.2d 605, 608 (Pa. Super. 1980); *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa. Super. 2005) ("[t]he uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." (citations and quotations omitted)).

The trial court rejected Appellant's sufficiency challenge, concluding, in summary, that there was sufficient evidence to support Appellant's conviction for Rape by Forcible Compulsion because the victim testified that Appellant raped her six times from March to October of 2013, and disclosed her father's crimes to John Fisher, her insurance agent, as well as to Detective Peter Marrero and a nurse. We agree with the trial court's assessment.

The victim testified that Appellant forcibly raped her on at least six occasions. Detective Marrero testified that, in responding to the call to Appellant's home, he observed the bleeding victim cowering near the front door, trembling, and clutching her chest, which he will "never forget because it is the most fearful I've ever seen someone. [] Every time we spoke, she like shivered. She was absolutely terrified." N.T. Trial, 5/19/15, at 34-35.

In support of his sufficiency challenge, Appellant isolates certain self-serving portions of the victim's testimony, and utterly ignores the important context of the controlling nature of his relationship with his vulnerable daughter. Viewing the totality of the evidence in the light most favorable to the Commonwealth as the verdict winner, it is clear that the Commonwealth proved each element of the offense. Appellant's sufficiency challenge, thus, fails.

Appellant next avers that the jury's verdict was against the weight of the evidence because of a "nine month delay i[n] assessing credibility" and

because the victim's testimony was "rife with inconsistency and incoherence[.]" Appellant's Brief at 32.

When considering challenges to the weight of the evidence, we apply the following precepts:

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of witnesses.
>
> Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Talbert***, 129 A.3d 536, 545-46 (Pa. Super. 2015), *appeal denied*, 138 A.3d 4 (Pa. 2016) (quotation marks and citations omitted).

"Resolving contradictory testimony and questions of credibility are matters for the [finder of fact]." ***Commonwealth v. Hopkins***, 747 A.2d 910, 917 (Pa. Super. 2000). Further, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court." ***Talbert, supra*** at 546 (quotation marks and citation omitted).

It is well-settled that we cannot substitute our judgment for that of the trier

of fact. *Id*. at 545.

The trial court addressed Appellant's weight of the evidence challenge,

including the delay in proceedings, as follows:

> The verdict in the instant case is not at all contrary to the evidence and does not shock one's sense of justice. Error was not committed.
>
> *     *     *
>
> Appellant asserts that this Court erred in allowing a nine-month bifurcation of his waiver trial. He argues that "had the demeanor and substance of complainant's testimony been fresh in the fact-finder's mind at the time of the verdict, the outcome would have been very different." While this is pure speculation with no support in the record, this Court had no difficulty recalling the demeanor and substance of the complainant's testimony. Based on the overwhelming evidence of guilt there is no scenario which would have changed the outcome. Moreover, this Court made every effort to timely dispose of this case. The matter was bifurcated because a Commonwealth witness was not available the day of trial. There was no objection to the bifurcation. Thereafter the matter was listed for the conclusion of the testimony on October 6, 2014[,] where the defense requested a continuance; on November 24, 2014[,] where the defense requested a continuance; on January 20, 2015[,] where there was a joint request; on February 2, 2015[,] where there was a joint request; May 15, 2015[,] where there was a Commonwealth request[;] and May 19, 2015[,] where the trial resumed and testimony was concluded. While the delay was unfortunate, it in no way prejudiced Appellant and no error occurred.

Trial Court Opinion at 6 (citations omitted). We agree with the trial court's

assessment.

Appellant essentially asks us to reassess the credibility of the victim

and reweigh the testimony and evidence presented at trial. Appellant's Brief

- 9 -

at 30-37. We cannot and will not do so. The trial judge found credible the victim's testimony that Appellant forcibly raped her, which was corroborated by other testimony and evidence. Thus, the verdict was not so contrary to the evidence as to shock the court's conscience, and the trial court properly denied Appellant's weight of the evidence claim.

Appellant next claims that the trial court erred in permitting John Fisher to testify at trial as a "prompt complaint" witness under Pa.R.E. 613(c) because "there is no way to ascertain the length of the delay in reporting by the [victim]" since Fisher "had no idea when the [victim] complained to him, not even the correct year." Appellant's Brief at 37-38.

The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Tyson*, 119 A.3d 353, 357 (Pa. Super. 2015) (citation and quotation omitted). "[A]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence or the record." *Commonwealth v. Cameron*, 780 A.2d 688, 692 (Pa. Super. 2001) (citation and quotation omitted).

With respect to the prompt complaint exception, this Court has stated the following:

> Pennsylvania Rule of Evidence 613(c)(1) allows evidence of prior consistent statements to rebut an express or implied charge of

fabrication, bias, improper influence or motive, or faulty memory. In cases involving sexual assault, Rule 613 authorizes the Commonwealth to present evidence in its case-in-chief of a prompt complaint by the victim because the alleged victim's testimony is automatically vulnerable to attack by the defendant as recent fabrication in the absence of evidence of hue and cry on her part. Evidence of a complaint of a sexual assault is competent evidence, properly admitted when limited to establish that a complaint was made and also to identify the occurrence complained of with the offense charged.

*Commonwealth v. Bryson*, 860 A.2d 1101, 1104 (Pa. Super. 2004) (*en banc*) (citations and quotations omitted). ***See also*** Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 613.31 (2016 ed. LexisNexis Matthew Bender).

The trial court addressed Appellant's evidentiary challenge as follows:

Next[,] Appellant complains that this Court erred in admitting the testimony of John Fisher who testified as a prompt complaint witness. The admissibility of evidence is within the sound discretion of the trial court and those evidentiary rulings will not be disturbed absent an abuse of that discretion. Fisher testified that he met the complainant at her father's house. She came out to his car hysterical, incoherent[,] and distraught. It was not until she settled down that she told him her father had raped her. Although she did not state when he had raped her, the witness surmised based on her emotional condition that it had occurred the day before. This Court admitted the testimony of Fisher as an exception to the hearsay rule under the prompt complaint rule. In cases involving sexual assault, Rule 613 authorizes the Commonwealth to present evidence in its case-in-chief of a prompt complaint by the victim because the alleged victim's testimony is automatically vulnerable to attack by the defendant as recent fabrication in the absence of hue and cry on her part. Moreover, Fisher's testimony corroborated the victim's testimony in relevant parts.

Trial Court Opinion at 6-7 (citations omitted).

We agree with the trial court's assessment. Our review of the certified record shows that the trial court properly admitted Fisher's testimony because the surrounding circumstances of the disclosure, including the content of the victim's statements and her demeanor, sufficiently demonstrated the promptness of the complaint. It was within the province of the fact-finder to determine the weight and credibility of that testimony. The trial court did not abuse its discretion in admitting Fisher's testimony. As a result, Appellant's third issue merits no relief.

Appellant's next two issues pertain to the imposition of a mandatory minimum sentence, in derogation of his jury waiver agreement. Appellant contends that the trial court improperly imposed a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9718.2 because he had waived his right to a jury trial in exchange for the Commonwealth's promise not to pursue any mandatory minimum sentences. Appellant's Brief at 39-43. Appellant also argues that the imposition of the mandatory minimum shows that his waiver of his right to a jury trial was not knowing, intentional, and voluntary. He is essentially seeking the "benefit of his bargain."

The Commonwealth and the trial court agree with Appellant that the trial court improperly imposed the mandatory minimum sentence and that this matter should be remanded for resentencing in accordance with the terms of the original waiver agreement.

"In determining whether a particular [] agreement [between a defendant and the Commonwealth] has been breached, we look to what the parties to [the] agreement reasonably understood to be the terms of the agreement." ***Commonwealth v. Hainesworth***, 82 A.3d 444, 447 (Pa. Super. 2013) (citation and quotation marks omitted). "Such a determination is made based on the totality of the surrounding circumstances, and any ambiguities in the terms of the [] agreement will be construed against the Commonwealth." ***Id***. (citation and quotation marks omitted).

The trial court addressed Appellant's sentencing issues as follows:

Finally, Appellant raises a host of issues directed at his sentence. He argues that it was an error of law to accept his waiver of a jury trial because it was not knowing, intelligent[,] and voluntary. This argument is belied by the record. This Court conducted an on-the-record colloquy with the Appellant. In addition, counsel went over the written waiver colloquy form with Appellant in the courtroom and Appellant acknowledged going over the form with his attorney and understanding the rights he was giving up. That signed document was made part of the record in these proceedings. The waiver of a jury trial was knowing, intelligent[,] and voluntary.

However, the sentence imposed was improper. During the waiver colloquy, the Commonwealth clearly indicated they would not be seeking the mandatory minimum sentence for any of the charges. The fact that at sentencing the Commonwealth sought and received a mandatory sentence, renders the sentencing hearing a nullity and the matter should be remanded for sentencing consistent with the terms agreed upon during the waiver colloquy. As to all other aspects of Appellant's appeal[,] the [J]udgment of [S]entence should be affirmed.

Trial Court Opinion at 7-8 (citations omitted).

Our review of the certified record confirms that Appellant must be resentenced in accordance with the terms of his original agreement with the Commonwealth: that is, without consideration of the mandatory minimum sentencing provision pursuant to 42 Pa.C.S. § 9718.2.

Because we are remanding for resentencing, we will not address Appellant's remaining issue.

Appellant's convictions for Rape by Forcible Compulsion, Sexual Assault, Incest, Indecent Assault, Indecent Exposure, and Simple Assault affirmed. Judgment of Sentence vacated. Case remanded for resentencing only. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/24/2017</u>