J-S33034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRY BRANCH | : | |
| | : | |
| Appellant | : | No. 192 EDA 2021 |

Appeal from the PCRA Order Entered December 17, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002170-2014

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 2, 2022**

Jerry Branch appeals the denial of his petition for relief under the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. He maintains that the PCRA court erred in concluding that his claims of ineffective assistance of trial counsel were meritless. We affirm.

On June 16, 2016, a jury found Branch guilty of involuntary deviate sexual intercourse, sexual assault, and corruption of minors.[1] The evidence at trial established that Branch, who was a friend of the victim's family, sexually assaulted the minor victim, J.K., on five separate occasions. The trial court sentenced Branch to an aggregate term of 15 to 35 years' imprisonment. This Court affirmed the convictions but remanded for resentencing. ***See Commonwealth v. Branch***, 190 A.3d 744 (Pa.Super.

_____

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 3124.1, and 6301(a)(1), respectively.

April 26, 2018) (Table). Upon remand, the trial court sentenced Branch to 10 to 35 years' imprisonment, on November 19, 2018.

On November 14, 2019, Branch filed the instant counseled PCRA petition raising claims of ineffective assistance of counsel. The PCRA court denied the petition, concluding that it was meritless. This timely appeal followed.

Branch presents the following issues before this Court:

I. Did the PCRA court err in not finding trial counsel ineffective where trial counsel failed to object when a detective testified that [Branch] declined to give a statement in violation of [Branch's] right to silence under both the United States and Pennsylvania Constitutions?

II. Did the PCRA court err in not finding that prior counsel was ineffective for failing to object to inadmissible hearsay by four separate "prompt complaint" witnesses where: (1) the complainant did not disclose the alleged assaults until years after the fact; and (2) where the testimony of the four witnesses was cumulative and highly prejudicial?

III. Did the PCRA court err in concluding that trial counsel was not ineffective for failing to properly authenticate text messages sent from the victim to [Branch], thereby preventing [Branch] from introducing the messages into evidence, where the messages would have impeached the complainant's claim he did not contact [Branch] after the abuse ended?

IV. Did the PCRA court err in concluding that trial counsel was not ineffective for failing to investigate and call witnesses at [Branch's] trial where the witnesses would have established that the complainant was abusing alcohol and drugs long before the alleged abuse began, thereby rebutting

- 2 -

> the Commonwealth's claims that the abuse drove J.K. to drug and alcohol addiction and provided corroboration that J.K.'s allegations were true?

Branch's Br. at 4-5 (answers of trial court omitted).

When reviewing the denial of a PCRA petition, we "determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020). Our standard of review of the PCRA court's legal conclusions is *de novo*, while our "scope of review is limited to the findings of the PCRA court and the evidence of record[.]" **Id.**

Counsel is presumed effective, therefore a petitioner must plead and prove the following to succeed on a claim of ineffective assistance of counsel: "(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate [the petitioner's] interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." **Commonwealth v. Fulton**, 830 A.2d 567, 572 (Pa. 2003). An ineffectiveness claim will only be successful where the petitioner satisfies each prong. **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009).

Branch argues that counsel was ineffective for failing to object, seek a mistrial, or ask for a cautionary instruction when a detective testified, on defense counsel's cross-examination, about Branch's post-arrest silence. The referenced portion of testimony is as follows:

Q [Defense Counsel]: You arrested Mr. Branch?

A [Detective Justin Montgomery]: Yes, sir.

Q: When you arrested him, did he run?

A: No, he did not, sir.

Q: Did he fight you?

A: No. No, sir.

Q: Did he punch at you and try to stop from being arrested?

A: No, sir.

Q: So he didn't exhibit – I'll take that question back. Was he compliant with everything?

A: Yes, sir. He was afforded – also afforded the opportunity to provide a statement, which he denied, sir.

Q: He didn't have an attorney at the time; did he?

A: Correct, sir.

N.T. Trial, 6/14/16, at 200-01.

A prosecutor may not comment on or attempt to elicit testimony about a defendant's post-arrest silence. *See Commonwealth v. Turner*, 454 A.2d 537, 539-40 (Pa. 1982). Defense counsel's failure to object to such commentary or questioning may support an ineffectiveness claim. *See Commonwealth v. Spotz*, 870 A.2d 822, 831 (Pa. 2005).

Branch compares his case to *Commonwealth v. McEnany*, 667 A.2d 1143 (Pa.Super. 1995), and argues that his underlying claim has arguable merit. In *McEnany*, the prosecutor explicitly inquired into McEnany's post-arrest silence. The prosecutor asked an officer whether McEnany gave a statement after being advised of his constitutional rights. The officer

responded, "No, sir, [he] did not." **Id.** at 1150. A panel of this Court concluded that the Commonwealth "presented direct evidence of [McEnany's] post-arrest silence," and the testimony the offending question elicited "was an improper reference to [McEnany's] exercise of his constitutional privilege from which the jury might infer an admission of guilt." **Id.** at 1151.[2]

The PCRA court concluded that Branch's ineffectiveness claim was meritless. It concluded that "[t]rial counsel had an objectively reasonable basis for not objecting to this passing reference because an objection would have called attention to [Branch's] failure to give a statement to police." PCRA Ct. Op., filed 4/14/21, at 6.

The PCRA court's rejection of this claim was not erroneous. Branch's reliance on **McEnany** is misplaced. Here, the prosecutor did not comment on or elicit testimony about Branch's post-arrest silence. Rather, in response to questioning that did not on its face seek such testimony, the detective volunteered that Branch did not make a statement. Branch has not shown that counsel's decision not to highlight the testimony was unreasonable.

Next, Branch claims trial counsel was ineffective for failing to object to the testimony of four "prompt complaint" witnesses as inadmissible hearsay.

---

[2] **McEnany** has been abrogated on other grounds. **See Commonwealth v. Prater**, 256 A.3d 1274, 1286 (Pa.Super. 2021) (recognizing abrogation), *appeal denied*, No. 317 EAL 2021, 2021 WL 5629075 (Pa. Dec. 1, 2021).

Branch maintains that the testimony was not prompt complaint testimony because, according to Branch, the victim told the witnesses "about the abuse anywhere from one to seven years after the last assault allegedly took place[.]" Branch's Br. at 29.

Hearsay is an out of court statement entered for the truth of the matter asserted and is generally inadmissible over objection unless a hearsay exception applies. **See** Pa.R.E. 801(c), 802. Pennsylvania Rule of Evidence 613(c)(1) permits evidence of prior consistent statements to rebut an express or implied charge of "fabrication, bias, improper influence or motive, or faulty memory." Pa.R.E. 613(c)(1). As applied to a sexual assault case, the Rule allows the Commonwealth to present evidence in its case-in-chief to show a prompt complaint by the victim. **Commonwealth v. Bryson**, 860 A.2d 1101, 1104 (Pa.Super. 2004)(*en banc*). This is "because [the] alleged victim's testimony is automatically vulnerable to attack by the defendant as recent fabrication in the absence of evidence of hue and cry on [the alleged victim's] part.'" **Id.** (citations omitted). When a witness's prior consistent statement is admissible to counter an express or implied charge of "fabrication, bias, improper influence or motive, or faulty memory," the opposing party must have an opportunity to cross-examine the witness about the statement, and the statement must have been "made before that which has been charged existed or arose[.]" Pa.R.E. 613(c)(1).

Here, the referenced testimony of three of the four witnesses, Kathleen Breslin, Laura Kuneck, and Deepika Setty, was introduced by the

Commonwealth *after* defense counsel questioned the victim at length regarding his failure to disclose the sexual abuse immediately afterward. *See* N.T. Trial, 6/14/16, at 99, 114, 115 (counsel cross-examining the victim that he never told the individuals he was drinking with when he visited Branch's house and never told his parents or his aunt). Thus, this testimony was properly admitted to rebut defense counsel's suggestion that the victim's statement was one of "fabrication, bias, improper influence or motive, or faulty memory." *See* Pa.R.E. 613(c)(1). Additionally, defense counsel presented the testimony of the victim, on cross examination, that when he was 16 years old he told the fourth witness, Phillip Gillice, about the last incident of abuse "right after" it happened. *See* N.T. Trial, 6/14/16, at 71-72. Gillice then testified that the victim told him about Branch's sexual abuse when both Gillice and the victim were 16 years old. This claim fails.

Branch also argues that trial counsel was ineffective for failing to authenticate alleged text messages between the victim and Branch. He maintains that this failure prevented him from introducing the texts into evidence to impeach the victim's claim that he was no longer in contact with Branch after the sexual abuse stopped. Branch suggests that counsel could have subpoenaed "records from [Branch] and J.K.'s cell phone providers or otherwise search[ed] the messages for contextual clues." Branch's Br. at 37.

During cross-examination, defense counsel showed the victim a printout of a conversation via text message that allegedly occurred between the victim and Branch in 2010, after the sexual abuse had ended. N.T. Trial,

6/14/16, at 122; Exh. D-1. Branch's counsel asked the victim if he had sent the messages displayed on the document, and he responded, "I didn't send those messages, no, I did not." N.T. Trial, 6/14/16, at 126. Later, counsel moved to admit the text messages and the trial court refused to admit them. It stated that the text messages had not been authenticated and made note that the victim testified that he did not send the messages. N.T. Trial, 6/15/16, at 74. The trial court also denied Branch's request to use the testimony of Branch's mother to show that Branch did not fabricate the messages. *Id.* at 76.[3]

Before evidence may be admitted, it must be properly authenticated. Pa.R.E. 901(a). The requirement of authentication is satisfied where the proponent produces "evidence sufficient to support a finding that the item is what the proponent claims it is." *Id.* Text messages may be authenticated by "(1) testimony from either the author or the sender; (2) circumstantial evidence, including 'distinctive characteristics' like information specifying the author-sender or 'reference to or correspondence with relevant events' preceding or following the message; or (3) 'any other facts or aspects of the [message] that signify it to be what its proponent claims.'" ***Commonwealth v. Murray***, 174 A.3d 1147, 1156-57 (Pa.Super. 2017) (quoting ***Commonwealth v. Koch***, 106 A.3d 705, 712–13 (Pa. 2014)).

---

[3] This was proposed after the court suggested that the text messages were "a self-serving exhibit created by the defendant." N.T. Trial, 6/15/16, at 73.

Here, Branch has failed to show that counsel would have been able to authenticate the text messages. The certified record contains no evidence suggesting that counsel would have been able to authenticate them. Branch's suggestions that counsel could have authenticated the messages by subpoenaing phone records or looking for contextual clues is mere speculation. Branch did not offer anything to substantiate his claim – such as the cell phone records or contextual clues – to show that had counsel tried, he could have authenticated the messages. Therefore, this claim fails as well.

Finally, Branch claims that the PCRA court erred in rejecting his claim that counsel was ineffective for failing to call witnesses. He alleges that prior to trial, he gave counsel a packet with witnesses' names, addresses, and contact information. He maintains that they would have "testif[ied] that J.K.'s issues with drugs and alcohol started well before the time that he claimed [Branch] started to molest him." Branch's Br. at 41. Branch argues that this proposed testimony could have rebutted the Commonwealth's argument to the jury that the victim's "struggles with addiction confirmed his claims of molestation." *Id.*

To succeed on a claim of ineffectiveness for failure to call witnesses, a petitioner must plead and prove that the witness: (1) existed; (2) was available to testify for the defense; (3) was known or should have been known to counsel; (4) was willing to testify for the defense; and (5) would have provided testimony of such a nature that the failure to present it was

so prejudicial as to have denied the defendant a fair trial. ***Commonwealth v. Selenski***, 228 A.3d 8, 16 (Pa.Super. 2020).

In his PCRA petition, Branch referenced five potential witnesses, two of whom testified as Commonwealth witnesses. Branch also attached the informational packet that he gave to counsel with the names, addresses, and photos of these potential witnesses. However, Branch failed to show that the witnesses were willing and available to testify for the defense, or what the substance of their testimony would be. ***See id.***; 42 Pa.C.S.A. § 9545(d)(1)(i) ("Where a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony"). Additionally, despite his claim that this testimony would have rebutted the Commonwealth's argument, the record shows that the victim admitted to drinking alcohol before the molestation started. ***See*** N.T. Trial, 6/14/16, at 69-70. Therefore, the PCRA court did not err in concluding that counsel was not ineffective for failing to call the witnesses as Branch failed to show their testimony would have been helpful to the defense. We affirm the order denying Branch's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/02/2022</u>